UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAVALIER D. KNIGHT<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, *et al.*<br>Defendants. | **Complaint:** _____<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>**42 U.S.C. § 1983; 2nd Amendment; Takings**<br>**Clause of the 5th Amendment; 3rd Party**<br>**Standing; NY Civil Rights Law § 4; Article**<br>**III Injury-In-Fact; Due Process and Equal**<br>**Protection Clauses of the 14th Amendment** |

1. This is a case of first impression since (2010) Knight possessed a state Residence Premises License (state RPL) issued by the NYPD License Division (NYPD LD). However, due to the decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S., 142 S. Ct. 2111 (2022), every state RPL in the City of New York automatically became a state Carry License (state CL) on June 23, 2022. **Exhibit 01**

2. Defendants won't convert Knights state RPL into a state CL because Title 38 - RCNY § 5-25(d)(i) only allows state CL holders to possess two handguns on this type of license. Any other handguns must be kept on a state RPL, and they cannot be carried outside of the home in violation of the 2nd Amendment right to *keep and bear arms* for self-defense. **Exhibit 02**

3. Defendants are requiring all law-abiding citizens to possess a state RPL just to *keep arms* in the home and a separate but not equal state CL to *bear arms* outside of the home. On December 06, 2022, Knight's state CL was approved but has not been issued. Knight's state RPL expires on December 26, 2022, and his personal property (i.e. handguns) will be confiscated for destruction by the NYPD LD which is why Knight is requesting an Emergency (TRO). This Complaint is associated with the pending case *Knight v. New York City*, 22-cv-03215 (S.D.N.Y.). **Exhibit 03**

**(1)   <u>JURISDICTION AND VENUE</u>**

**4.**     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1343, § 2201, § 2202, and 42 U.S.C. § 1983 and § 1988. Venue lies in this Court pursuant to 28 U.S.C. § 1391;

**(2)   <u>PARTIES</u>**

**5.**     **Plaintiff,** Cavalier D. Knight, is a natural person, a U.S. citizen, and a resident of New York County, and on Behalf of All Others Similarly Situated;

**6.**     **Defendant,** City of New York is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State;

**7.**     **Defendant,** Keechant Sewell, is the New York City Police Commissioner. In that capacity, Commissioner Sewell is the statutory handgun licensing officer for the five boroughs that comprise the City of New York. Commissioner Sewell implements her licensing authority under N.Y. Penal Law § 265.00(10) through the issuance or denial of state Carry Licenses under N.Y. Penal Law § 400.00;

**(3)   <u>NO JURY TRIAL</u>**

**8.**     As Knight seeks equitable remedies, no demand is made for a jury trial.

(4)     **TABLE OF CONTENTS**

**CASES**

*Albany Area Bldrs. Assn. v. Town of Guilderland,*
   74 NY2d at 377 N.Y. (1989) ......................................................................... 15

*Babbitt v. United Farm Workers Nat. Union,*
   442 U.S. 289, 297 (1979) ................................................................................ 6

*Butler v. Michigan,*
   352 U.S. 380, 383 (1957) ................................................................................ 8

*Caetano v. Massachusetts,*
   577 U.S. 411 (2016) ...................................................................................... 16

*Carey v. Population Services International,*
   431 U.S. 678, 684-88 (1977) ........................................................................... 7

*Cayuga Nation v. Tanner,*
   824 F.3d 321, 331 (2d Cir. 2016) ................................................................... 6

*Chwick v. Mulvey,*
   2010 NY Slip Op 09911 ................................................................................ 15

*City of Lakewood v. Plain Dealer Pub. Co.,*
   486 U.S. 750, 768 (1988) ................................................................................ 6

*District of Columbia v. Heller,*
   554 U.S. 570, 582, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) ................................. 16

*Jancyn Mfg. Corp. v. County of Suffolk,*
   71 NY2d at 97 (N.Y. 1987) ........................................................................... 15

*Knick v. Township of Scott,*
   U.S. 139 S. Ct. 2162 (2019) ......................................................................... 13

*Lovell v. City of Griffin, Ga.,*
   303 U.S. 444, 452 (1938) ................................................................................ 6

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555, 560 (1992) ................................................................................ 5

*Matter of Ames v. Smoot,*
   98 AD2d at 119-124) (N.Y. 1984) ................................................................. 15

*McDonald v. Chicago,*
   561 U.S. 742, 750, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) ................................. 16

*N. Y. State Nat'l Org. for Women v. Terry,*
   886 F.2d 1339, 1347 (2d Cir. 1989) ............................................................... 5

*New York State Rifle & Pistol Assn., Inc. v. Bruen,*
   597 U.S., 142 S. Ct. 2111 (2022) ....................................................... 1, 9, 10

*New York State Rifle & Pistol Assn., Inc. v. City of New York*,
    No. 18-280 (2020) ................................................................ 15

*People v. De Jesus,*
    54 NY2d at 468-470 (N.Y. 1981) ........................................ 15

*Postscript Enters., Inc. v. Whaley*,
    658 F.2d 1249, 1252-53 (8th Cir. 1981) .............................. 7

*Reliable Consultants, Inc. v. Earle,*
    517 F.3d 738, 740, 743 (5th Cir. 2008) ............................... 7

*Sable Commc's of Cal., Inc. v. FCC,*
    492 U.S. 115, 128 (1989) ..................................................... 8

*Shuttlesworth v. Birmingham*,
    394 U.S. 147 (1969) ............................................................. 9

*Spokeo, Inc. v. Robins*,
    578 U.S. 330, 338 (2016) ..................................................... 5

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149, 157 (2014) ..................................................... 5

**Title 38 - Rules of the City of New York**
Title 38 - RCNY § 5-25(d)(i)............................................1, 7, 9, 11, 12, 14, 15, 17

**NYS Penal Law**

NYS PL § 400.00.........................................................................14, 15, 17

NYS PL § 400.00(2)(f) ................................................................................14

**(5)** **On the Merits of the Claim**

**(a)** The phrase on the merits refers to a case whose decision rests upon the law as it applied to the particular evidence and facts presented in the case. This is in opposition to cases whose decisions rest upon procedural grounds. The distinction between decisions that rest on the merits rather than on procedural grounds is important because a decision on the merits is considered final and is thus bound by *res judicata*. If a decision is bound by *res judicata*, the parties involved in the case may not later raise those same claims in a subsequent case.

**9.** Standing relates to this Court's constitutional power to hear and decide a case and, therefore, implicates subject matter jurisdiction. *See*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision,'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). **Exhibit 04**

**(6)** **Article III Injury-In-Fact**

**10.** Only the first element of the test, (i.e., whether Knight has suffered an *injury-in-fact*,) bears discussion here (though all elements are met). An *injury-in-fact* exists where a plaintiff "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 336 (quoting *Lujan*, 504 U.S. at 555). A particularized injury "affect[s] the plaintiff in a personal and individual way." *Id.* (internal quotations and citation omitted). To be sure, Knight's injury must be direct, and a plaintiff "may not raise the rights of a third-party ...." *See*, *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1347 (2d Cir. 1989). **Exhibit 05**

11.     Therefore pre-enforcement challenges to criminal statutes are "cognizable under Article III" *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016). The Supreme Court has made it clear that a plaintiff suffers an *injury-in-fact* sufficient to establish standing when he or she faces "threatened enforcement of a law" that is "sufficiently imminent." *Susan B. Anthony List*, 573 U.S. at 158-59.

12.     When challenging a law before its enforcement, "a plaintiff satisfies the *injury-in-fact* requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (quoting *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 297 (1979)). **Exhibit 06**

13.     Knight requires an Emergency (TRO) because if his state RPL is allowed to expire on December 26, 2022, and he continues to possess any of his lawfully owned property (i.e., handguns) this would be a violation of Article 265 of the NY PL causing Knight irreparable harm (i.e., a felony charge and/or arrest) which is an Article III *injury-in-fact*.

14.     In the 1st Amendment context, [l]iberty of circulating is as essential to [freedom of expression] as liberty of publishing; indeed, without the circulation, the publication would be of little value. *See, City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 768 (1988) (citing Ex parte *Jackson*, 96 U.S. 727, 733 (1878)); *see,* also *Lovell v. City of Griffin, Ga.*, 303 U.S. 444, 452 (1938). **Exhibit 07**

15.     In _Carey v. Population Services International_, 431 U.S. 678, 684-88 (1977), the Supreme Court struck down a New York statute forbidding the distribution of non-prescription contraceptives through anyone but a licensed pharmacist as unconstitutional, noting that a total prohibition against the sale of contraceptives could have an even more devastating effect upon the right to choose to beget a child than a direct ban on contraceptives itself would. **Exhibit 08**

16.     The 5th Circuit struck down a Texas statute prohibiting the promotion or sale of sexual devices because restricting the ability to purchase an item is tantamount to restricting that item's use. _Reliable Consultants, Inc. v. Earle_, 517 F.3d 738, 740, 743 (5th Cir. 2008). An 8th Circuit case found an ordinance restricting the sale of contraceptives and prophylactics was an unconstitutional burden on the right to contraception choice. _See_, _Postscript Enters., Inc. v. Whaley_, 658 F.2d 1249, 1252-53 (8th Cir. 1981). **Exhibit 09**

17.     But as with other protected rights, the 2nd Amendment right becomes meaningless. If Defendants can simply prohibit law-abiding citizens from exercising that right by preventing law-abiding citizens from carrying handguns in public for self-defense. Unless the conduct at issue is not protected by the 2nd Amendment, Defendants bear the burden of justifying the constitutional validity of Title 38 - RCNY § 5-25(d)(i) which imposes a burden on the 2nd Amendment by prohibiting law-abiding citizens from carrying handguns (i.e. conduct falling within the scope of the 2nd Amendment's guarantee).

18.     Imagine that, to enforce state anti-obscenity laws, Congress outlawed the interstate sale of books. No Court would uphold such a law. Laws that impose broad, categorical bans rather than narrow, precise restrictions are by definition not narrowly tailored. And that is whether the government bans books or firearms. *See*, e.g., <u>*Sable Commc's of Cal., Inc. v. FCC*</u>, 492 U.S. 115, 128 (1989) ("The federal parties argue that the total ban on indecent commercial telephone communications is justified because nothing less could prevent children from gaining access to such messages we find the argument quite unpersuasive;") *Id*. at 131 (describing the ban as "another case of 'burn[ing] the house to roast the pig'") (quoting <u>*Butler v. Michigan*</u>, 352 U.S. 380, 383 (1957)). **Exhibit 10**

19.     Ample Supreme Court precedent addressing the individual's right to *keep and bear arms* from <u>*Heller*</u> and <u>*McDonald*</u> to its June 2022 decision in <u>*Bruen*</u> dictates that Defendant's requirement that all law-abiding citizens possess a state RPL to *keep arms* and a state CL to *bear arms* is equally unconstitutional.

20.     In <u>*Bruen*</u>, the Court made the 2nd Amendment test crystal clear: regulation in this area is permissible only if the government demonstrates that the regulation is consistent with the nation's historical tradition of sufficiently analogous regulations at the time of the ratification of the 2nd Amendment in 1791. They fail that test as their requirement is inconsistent with the nation's historical traditions, impermissibly infringing on the right to *keep and bear arms* in public for self-defense.

21.     The U.S. Supreme Court issued a decision in the case of <u>New York State Rifle & Pistol Assn., Inc. v. Bruen</u>, 597 U.S., 142 S. Ct. 2111 (2022). This decision determined that all court cases involving the 2nd Amendment. Are prohibited from using a two-step framework for analyzing 2nd Amendment challenges that combine history with means-end scrutiny. Whereas all 2nd Amendment cases are now required to be adjudicated utilizing text and history as it relates to the time of the ratification of the 2nd Amendment in 1791. The U.S. Supreme Court also determined that the *proper cause* standard which gave licensing authorities the ability to discretionarily deny state CLs was unconstitutional. No law-abiding citizen should be required to unconstitutionally pay for a state RPL to *keep arms* and a state CL to *bear arms*.

22.     "Whereas if a state converts a right into a privilege, the citizen can ignore the license and fee and engage in the right (liberty) with impunity." *See,* <u>Shuttlesworth v. Birmingham</u>, 394 U.S. 147 (1969). **Exhibit 11**

23.     If not immediately enjoined by this Court, Defendants will enforce Title 38 - RCNY § 5-25(d)(i) in derogation of the constitutional rights of Knight and/or all law-abiding citizens in the City of New York. Which is their 2nd Amendment right to *keep and bear* their lawfully owned *arms* (i.e., handguns) for self-defense. While not being unlawfully forced to pay for two separate state licenses by their municipality.

**(a)**     Knight has no plain, speedy, and adequate remedy at law, damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Knight and/or law-abiding citizens. Because they are unable to engage in constitutionally protected 2nd Amendment activity due to the unconstitutional provision of Title 38 - RCNY § 5-25(d)(i) that law-abiding citizens who possess a state CL can only acquire and/or possess two handguns.

**(7)**   <u>**The Takings Clause of the 5th Amendment**</u>

**24.**   The Takings Clause & Due Process Clauses state: <u>**"nor be deprived of life, liberty, or property, without due process of law.**</u>" The Takings Clause of the 5th Amendment to the U.S. Constitution prohibits taking private property for public use, without just compensation. This prohibition applies to the states through the 14th Amendment. While the Takings Clause is often discussed in the context of land and real estate, it also applies to *personal property* (i.e. handguns).

> **(a)**   The clause applies to actual confiscations of property as well as to regulatory takings **(i.e., laws that deprive a property owner of all beneficial use of the property)**. Takings Clause cases can address a variety of issues, such as (1) <u>**whether a government action sufficiently infringed upon a property interest to constitute a compensable taking**</u>; (2) whether the taking was for public use; and (3) if compensation is required, how to value the property.

**25.**   Knight submits this second Complaint addressing <u>*New York State Rifle & Pistol Assn., Inc. v. Bruen*</u>, 597 U.S., 142 S. Ct. 2111 (2022). In <u>*Bruen*</u>, the Court reasserted principles it applied in <u>*Heller*</u>. There can now be no dispute over the proper approach to evaluating 2nd Amendment claims. First, the Court must determine whether "the 2nd Amendment's plain text covers an individual's conduct" that is being restricted by a challenged law or policy <u>*Bruen*</u>, 142 S. Ct. at 2129-30. Second, if the answer is yes, the conduct is presumptively protected, and the burden then falls to the government to justify the challenged restriction by "demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2130. If the government cannot make this demonstration, the restriction is unconstitutional, full stop. No interest-balancing or levels-of-scrutiny analysis can or should be conducted. *Id*. at 2127.

**26.**     The decision in <u>*Bruen*</u> automatically *nullified* every section of Title 38 - RCNY that violates the 2nd Amendment right of all law-abiding citizens to *keep and bear arms* for self-defense. <u>*Bruen*</u> does not require every law-abiding citizen to challenge each section of Title 38 - RCNY on a case-by-case basis.

**27.**     Title 38 - RCNY § 5-25(d)(i) violates the rights of Knight and/or all law-abiding citizens in the city by prohibiting the acquisition, possession, and use of *bearable arms* (i.e., handguns) that are typically possessed by law-abiding citizens for lawful purposes nationwide. Possessing a state RPL to *keep arms* within the home and an additional state CL to *bear arms* outside of the home serves no lawful purpose. It is not a police power nor does it support a government public safety concern however, it violates the 2nd Amendment right to *keep and bear arms* for self-defense.

### (8)     <u>State Residence Premises License Renewal</u>

**28.**     On September 14, 2022, Knight contacted Director Nicole Berkovich of the NYPD LD via e-mail to inquire as to why he would need to pay to renew his state RPL after receiving his state CL. <u>*Bruen*</u> did not state that a licensee who possesses more than two handguns can only *bear* two of their *arms* outside of the home while being required to renew and/or apply for a state RPL to *keep arms* that must remain inside of the home. Defendants are aware that the handguns on a state RPL cannot be carried outside of the home in violation of the 2nd Amendment right to *keep and bear arms* for self-defense. On November 02, 2022, Knight received a response from Director Berkovich of the NYPD LD validating that Title 38 - RCNY § 5-25(d)(i) violates the Takings Clause by confiscating lawfully owned handguns. **Exhibit 12**

**(a)**    Premise Licenses continue to exist. Your Carry application is being reviewed as previously discussed and an outcome should be rendered within the next few weeks. If you wish to maintain both licenses you should submit your premise renewal. If you wish to maintain only a Carry license, **I suggest that you wait to begin your renewal until you receive a decision on the Carry, so that you do not pay for a license you do not want**.

**(b)**    **Your Premise license expires on 12/26/2022**, and as long as you submit your renewal application before it expires the license remains valid while the renewal is processed.

**(c)**    **I will note that NYC rules limit Carry licenses to 2 firearms, so if you want to maintain more than 2 firearms you would need to maintain the Premise License for any additional firearms you wanted to possess/purchase**.

**29.**    Title 38 - RCNY § 5-25(d)(i) only allows licensees *to bear* two handguns on a state CL. While unconstitutionally forcing licensees to possess an additional state RPL to *keep arms* inside of their homes violates the 2nd Amendment right to *keep and bear arms* for self-defense. It also violates the Takings Clause by confiscating handguns that were lawfully acquired and are presently possessed and constitute a physical appropriation of property without compensation that is *per se* unconstitutional.

**30.**    A law that deprives an owner of private property without a permissible justification violates the Due Process Clause regardless of whether it violates the Takings Clause. It makes it a crime for individuals to continue to possess handguns that they lawfully acquired and presently possess. Forcing individuals who would otherwise keep their lawful property to instead physically surrender that property without government compensation, is a *per se* constitutional taking.

31.    In an opinion written by Chief Justice John Roberts, the court held that the state-litigation requirement of Williamson County is overruled. The court reasoned the Takings Clause doesn't say: "Nor shall private property be taken for public use, without an available procedure that will result in compensation." "If a local government takes private property without paying for it, that government has violated the 5th Amendment just as the Takings Clause says without regard to subsequent state court proceedings. **And the property owner may sue the government at that time in federal court for the 'deprivation' of a right 'secured by the Constitution**.'" _Knick v. Township of Scott_, U.S. 139 S. Ct. 2162 (2019). **Exhibit 13**

(9)    **Third-Party Standing**

32.    First-time applicants for a state CL will discover that after acquiring two handguns any additional purchases will require applying for a state RPL. And any handguns associated with a state RPL cannot be carried outside of the home in violation of the 2nd Amendment right to _keep and bear arms_ for self-defense.

33.    _Facially_ and _as applied_ to all law-abiding citizens, this is a violation of the Takings Clause of the 5th Amendment, the 2nd Amendment, NY Civil Rights Law § 4, the Due Process and Equal Protection Clauses of the 14th Amendment, the 3rd party standing of all law-abiding citizens in the City of New York and is an Article III injury-in-fact.

34.     Defendants are unconstitutionally requiring Knight and/or all law-abiding citizens in the City of New York who already possess a state RPL and/or intend to apply for a state CL to pay for and continue to renew every three years both types of state licenses at a current cost of $340.00 per license and $88.25 for fingerprinting per license for a total cost of $428.25 x 2 = $856.50, plus the additional cost to receive a (16) hour training certification. The implementation of Title 38 - RCNY § 5-25(d)(i) is a deprivation of fundamental constitutional rights and constitutes irreparable harm to all law-abiding citizens which is an Article III *injury-in-fact*.

35.     On November 18, 2022, Defendants held a public hearing to discuss the proposed rules concerning the issuance of state CLs under <u>Bruen</u>. At that time Defendants were still issuing six different types of licenses. **Exhibit 14 (pp. 9 - 12)**

   **(a)     (1)** Premises License - Residence or Business **(2)** Carry [Business] License **(3)** Limited Carry Business License **(4)** Carry Guard License/Gun Custodian License **(5)** Special Carry [Business] License **(6)** Special Carry Guard License/Gun Custodian License.

36.     Under NYS PL § 400.00(2)(f) a state CL has no restrictions on the number of handguns that a licensee may possess and/or carry. And NYS PL § 400.00 is the statutory licensing scheme in the State of New York, and it preempts Title 38 - RCNY and/or § 5-25(d)(i) making it a *nullity*. **Exhibit 15**

   **(10)     <u>NYS PL § 400.00(2)(f)</u>**

   **(a)** have and carry concealed, without regard to employment or place of possession subject to the restrictions of state and federal law, by any person;

**(11)**   **Implicit Field Preemption**

**37.**    Where the state has preempted the field, Title 38 - RCNY § 5-25(d)(i)
regulates the same subject matter and is deemed inconsistent with the State's
transcendent interest, whether or not the terms of the local law(s) conflict with a
state-wide statute _Albany Area Bldrs. Assn. v. Town of Guilderland,_ 74 NY2d at 377
N.Y. (1989). Thus, when the legislature has demonstrated its intent to preempt the
field, all local ordinances (i.e., Title 38 - RCNY § 5-25(d)(i)) are preempted, regardless
of whether they conflict with the state law (_id.; see Jancyn Mfg. Corp. v. County of_
_Suffolk,_ 71 NY2d at 97 (N.Y. 1987); _People v. De Jesus,_ 54 NY2d at 468-470 (N.Y.
1981); _Matter of Ames v. Smoot,_ 98 AD2d at 119-124) (N.Y. 1984). **Exhibit 16**

**38.**    Accordingly, in light of the comprehensive and detailed regulatory
language and scheme of NY Penal Law § 400.00, which demonstrates the
Legislature's intent to preempt the field of firearm regulation, it preempts Title 38 -
RCNY § 5-25(d)(i). _See, Chwick v. Mulvey_, 2010 NY Slip Op 09911. **Exhibit 17**

**(12)**   ***NYSRPA, Inc. v. City of New York*, No. 18-280 (2020)**

**39.**    Defendant's actions are duplicative of _NYSRPA v. City of New York_, No.
18-280 (2020). For seven years Defendants fought to prohibit the transportation of
handguns out of the city citing public safety concerns. On January 22, 2019, the U.S.
Supreme Court granted Certiorari, and Defendant's moved to amend their rule. Why
did they voluntarily walk back their handgun transport rule if doing so would
threaten public safety?  If changing this rule did not impact public safety, why did
the rule exist in the first place? **Exhibit 18**

40.     How can Defendants prohibit law-abiding citizens from carrying their handguns in public in violation of the 2nd Amendment right to *keep and bear arms* for self-defense? "No state shall convert a liberty into a license, and charge a fee, therefore." *See*, <u>*Murdock v. Pennsylvania*</u>, 319 U.S. 105 (1943). **Exhibit 19**

**(13)  <u>2nd Amendment</u>**

**a)**     The 2nd Amendment states; A well regulated Militia, being necessary to the security of a free State, the right of the people to keep <u>***and***</u> bear Arms, shall not be infringed.

**b)**     The 2nd Amendment does not state; A well regulated Militia, being necessary to the security of a free State, the right of the people to keep <u>***and/or***</u> bear Arms, shall not be infringed.

**(14)  <u>Handguns are Bearable Arms</u>**

41.     The 2nd Amendment's protections apply to all bearable arms. "The Court has held that "the 2nd Amendment extends, *prima facie*, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding," <u>*District of Columbia v. Heller*</u>, 554 U.S. 570, 582, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and that this "2nd Amendment right is fully applicable to the States," <u>*McDonald v. Chicago*</u>, 561 U.S. 742, 750, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010). *See*, <u>*Caetano v. Massachusetts*</u>, 577 U.S. 411 (2016)." **Exhibit 20**

**(15)**　__Subject Matter Jurisdiction__

**42.**　Knight is not challenging NY PL § 400.00 he is constitutionally challenging Title 38 - RCNY and/or § 5-25(d)(i), which infringes on the right to *keep and bear arms* in public for self-defense. The City of New York laws and regulations discussed in the foregoing allegations *facially* and *as applied* to Knight and/or all law-abiding citizens violates the 2nd Amendment, NY Civil Rights Law § 4, the Takings Clause of the 5th Amendment, the Due Process Clause of the 14th Amendment, and is an Article III *injury-in-fact.*

**(16)**　__Emergency TRO and/or Preliminary Injunction__

**43.**　Knight is a proper party to this case because he possesses an expiring state RPL and has been approved to receive a state CL. Knight's state RPL expires on December 26, 2022, if an Emergency (TRO) and/or Preliminary Injunction is not granted:

**(a)**　Knight will have to lose his state RPL and forfeit all of his handguns to be confiscated by the NYPD LD for destruction or;

**(b)**　Choose to lose his state RPL and continue to possess unlicensed handguns which is a violation of Article 265 of the NY Penal Law and will subject Knight to a felony charge and/or arrest causing him to suffer irreparable harm which is an Article III injury-in-fact;

**(c)**　Or let his state RPL expire and forfeit all of his personal property (i.e. handguns) by vouchering his handguns to the NYPD LD to be confiscated for destruction;

**(d)**　Or only possess a state CL that limits his handgun ownership to only two handguns forcing him to lose his additional handguns or;

**(e)**　Renew his state RPL which prohibits the carrying of any handguns whatsoever just to *keep arms* and acquire a state CL to *bear arms* which *facially* and *as applied* violates the decision in _Bruen_;

**(f)**　Whereas _Bruen_ made possession of a state RPL a _nullity_ Knight should only be required to possess one state CL for the 2nd Amendment right to *keep and bear arms* for self-defense.

**(17)  FIRST CAUSE OF ACTION**

### THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT

44.  Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint;

45.  By making it a crime for individuals to continue to possess the property that they lawfully acquired, Title 38 - RCNY § 5-25(d)(i) deprives individuals of protected property interests without due process of law, by prohibiting law-abiding adults from possessing lawfully acquired and commonly owned handguns based solely on their ability to possess a state RPL which does not further a legitimate governmental objective in a permissible way;

**(18)  SECOND CAUSE OF ACTION**

### THIRD-PARTY STANDING

46.  Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint;

47.  Title 38 - RCNY § 5-25(d)(i) mandates that all law-abiding citizens who possess a state CL can only possess two handguns on that type of license. Defendants unconstitutionally aver that possession of more than two handguns requires an additional state RPL. However, no handguns possessed under a state RPL can be carried outside of the home in violation of the 2nd Amendment right to *keep and bear arms.*

**(19)**    <u>**THIRD CAUSE OF ACTION**</u>

<b>ARTICLE III INJURY-IN-FACT</b>

**48.**    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint;

**49.**    Title 38 - RCNY § 5-25(d)(i) requires law-abiding citizens to pay for a state RPL to *keep arms* and a state CL to *bear arms*. Only two firearms can be added to a state CL and any additional handguns would require applying for a state RPL and any handguns on this type of license cannot be carried outside of the home. If a state RPL is not renewed any handguns on that license are required to be vouchered for confiscation by the NYPD LD. Possession of any unlicensed handgun is a violation of Article 265 of the NY PL and will subject law-abiding citizens to a felony charge and/or arrest which is an Article III *injury-in-fact*.

**(20)**    <u>**FOURTH CAUSE OF ACTION**</u>

<b>DUE PROCESS and EQUAL PROTECTION CLAUSES<br>OF THE 14th AMENDMENT</b>

**50.**    Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint;

**51.**    Requiring law-abiding citizens to pay for a state RPL to *keep arms* and a state CL to *bear arms* outside of the home, forces all law-abiding citizens to pay for two state licenses in violation of the 2nd Amendment, the Due Process and Equal Protection Clauses of the 14th Amendment; and the Supremacy Clause. A law that deprives an owner of private property without a permissible justification violates the Due Process Clause regardless of whether it violates the Takings Clause.

**(21)**   __FIFTH CAUSE OF ACTION__

**2nd AMENDMENT, 42 U.S.C. § 1983, NY CIVIL RIGHTS LAW § 4,**

**52.**   Plaintiff realleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint;

**53.**   Title 38 - RCNY § 5-25(d)(i), by design was created with the intent to restrict the right to *keep and bear arms* which substantially burdens and violates the pre-existing individual rights protected by the 2nd Amendment, to wit, the right to *keep and bear arms* for self-defense, and therefore violates the Supremacy Clause;

**54.**   Title 38 - RCNY § 5-25(d)(i) mandates that law-abiding citizens must possess a state RPL to *keep arms* and a state CL to *bear arms*. However, only two handguns can be carried on a state CL. And no handguns on a state RPL can be carried outside of the home in violation of the 2nd Amendment right to *keep and bear arms* for self-defense. However, under __Bruen__, there is no historical analogue requiring the possession of both a state RPL to *keep arms* and a state CL to *bear arms*;

**55.**   Title 38 - RCNY § 5-25(d)(i), should be enjoined and stricken as unconstitutional on its *face*, and *as applied* to Knight and/or all law-abiding citizens as it violates preexisting rights protected by the 2nd Amendment, and NY Civil Rights Law § 4, therefore Knight and/or all law-abiding citizens are entitled to preliminary and permanent injunctive relief against such laws, customs, policies, and practices, by infringing on the right to *keep and bear arms* in public in these ways, the City of New York laws and regulations discussed in the foregoing allegations violate the 2nd Amendment, the Takings Clause, and the Due Process and Equal Protection Clauses of the 14th Amendment; and are therefore invalid.

**(22)**   **PRAYER FOR RELIEF**

**WHEREFORE**, judgment should be entered in Plaintiff's favor and against Defendants as follows;

**56.**   So ORDER the NYPD LD to issue the approved Carry License forthwith;

**57.**   Issue an ORDER enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing all related laws, regulations, policies, practices, and customs that would impede or criminalize the exercise of the right to *keep and bear arms*, in its entirety, or to the extent that Title 38 - RCNY § 5-25(d)(i) unconstitutionally forces all law-abiding citizens to possess a state RPL to *keep arms,* and a separate state CL limited to the *bearing* of *only* two handguns and prohibits the acquisition, use and/or possession of other handguns that are in common use by law-abiding citizens for lawful purposes;

**58.**   Enter a declaratory judgment that Title 38 - RCNY § 5-25(d)(i) is unconstitutional *facially* and *as applied* to all law-abiding citizens by prohibiting the acquisition, of handguns that are in common use for lawful purposes, infringing on the right of the people to *keep and bear arms* for self-defense, and taking property without compensation violates the Takings Clause by depriving law-abiding citizens of protected property interests under the Due Process Clause of the 14th Amendment;

**59.**   An award of all remedies available under Title 42 - U.S.C. § 1983;

**60.**   All reasonable attorney's fees, costs, and expenses under Title 42 - U.S.C. § 1988, or any other applicable laws;

**61.**   And grant any such other and further relief as the court may deem proper.

Dated:      New York, New York                    Respectfully submitted,
            December 20, 2022

                                        **/s/ Cavalier D. Knight**
                                        Cavalier D. Knight
                                        Managing Member
                                        Cavalier Knight LLC
                                        511 W 165th St # 627
                                        New York, NY 10032-0634
                                        +1 (646) 580-7801
                                        info@cavalierknight.com