USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
CAVALIER KNIGHT,                                :
                                                :
                                    Plaintiff,  :      22-CV-10755 (VEC) (VF)
                    -against-                   :
                                                :      ORDER ADOPTING
CITY OF NEW YORK; EDWARD CABAN,[1]              :      REPORT &
                                                :      RECOMMENDATION
                                    Defendants. :
                                                :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on December 27, 2022, Plaintiff Cavalier Knight, proceeding *pro se*, filed a motion for a temporary restraining order ("TRO") and preliminary injunction against Defendants City of New York and Keechant Sewell, *see* Motion, Dkt. 8;

        WHEREAS Knight sought to prevent the New York City Policy Department from requiring him to surrender his handguns to the local precinct given the impending expiration of his Residence Premises License ("RPL"), *see id.*;

        WHEREAS on January 17, 2023, the Court referred this case to Magistrate Judge Valerie Figueredo for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order, Dkt. 9;

        WHEREAS on March 16, 2023, Judge Figueredo held a conference with Knight and counsel for Defendants, during which Knight stated that he had received a license to carry a firearm and still had an RPL because he had submitted a timely renewal application for that license, *see* Transcript, Dkt. 25 at 4-5;

---

[1]     On July 17, 2023, Edward Caban replaced Keechant Sewell as New York City Police Commissioner. Because Sewell had been named in her official capacity, Caban was substituted for Sewell as a party defendant. *See* Fed. R. Civ. P. 25(d).

1

WHEREAS on November 9, 2023, Judge Figueredo entered an R&R, recommending that the Court deny Plaintiff's motion for a TRO and preliminary injunction, *see* R&R, Dkt. 32;

WHEREAS in the R&R, Judge Figueredo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *see id.* at 4;

WHEREAS Judge Figueredo further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objection was filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, and Plaintiff's motion for a TRO and preliminary injunction is DENIED.

Because the R&R gave the parties adequate warning, *see* R&R at 4, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food*

*Mkts.*, *Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to change the caption of the case as indicated above, mail a copy of this Order to the *pro se* Plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

**Date:  November 29, 2023**                                        **VALERIE CAPRONI**
      **New York, New York**                                    **United States District Judge**