USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CAVALIER D. KNIGHT,

                Plaintiff,

     -against-

CITY OF NEW YORK; EDWARD CABAN,

                Defendants.

------------------------------------------------------------------X

22-CV-10755 (VEC)

ORDER ADOPTING REPORT AND RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

      WHEREAS on December 20, 2022, Cavalier D. Knight, proceeding pro se, sued New York City and the Police Commissioner challenging a rule issued by the New York City Police Department, 38 RCNY § 25(d)(4)(i) (the "NYPD Rule"), that limits to two the number of handguns that can appear on a carry handgun license, Compl. at 1;

      WHEREAS Knight alleged that the NYPD Rule violates his rights under the Fifth, Fourteenth, and Second Amendments, and NY Civil Rights Law § 4 ("Section 4") and is preempted by New York Penal Law § 400.00, id. ¶¶ 23, 27, 34, 37–38, 53–54;

      WHEREAS on January 17, 2023, the Court referred this matter to Magistrate Judge Figueredo for the preparation of a report and recommendation ("R&R") on any dispositive motions, *see* Order, Dkt. 9;

      WHEREAS on April 7, 2023, Defendants moved to dismiss the Complaint for lack of standing and failure to state a claim (the "Motion"), *see* Mot., Dkts. 22–24;

      WHEREAS on November 20, 2023, Judge Figueredo filed an R&R recommending that the Court grant the motion in full and dismiss Mr. Knight's claims, *see* R&R, Dkt. 40;

WHEREAS the R&R recommended dismissing the Complaint (a) as to the Fifth and Fourteenth amendment claims for lack of standing because the claims are premised on the possibility that the police might some day confiscate Plaintiff's handguns, (b) as to the claims under the Second Amendment and Section 4 because the NYPD Rule does not infringe on the core conduct protected by federal and state law, and (c) as to the preemption claim because the New York Penal Law § 400.00 contains a clear statement that it was not meant to impair the enactment or application of local law, *id.* at 5–14;

WHEREAS the R&R did not consider Mr. Knight's arguments regarding the Privileges and Immunities Clause because that claim does not appear in the Complaint and was raised for the first time in his opposition to Defendant's Motion, *id.* at 14;

WHEREAS Judge Figueredo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days from the filing of the R&R to object, *id.* at 15:

WHEREAS after seeking and receiving an extension of his time to object, *see* Dkts. 43, 44, Mr. Knight objected to the R&R on December 18, 2023, Dkt. 46;

WHEREAS on January 2, 2024, Defendants responded to Plaintiff's objection and asked the Court to adopt the R&R in full, *see* Dkt. 47;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS Mr. Knight's objection discusses the Second Amendment broadly but is largely unrelated to Judge Figueredo's conclusions, *see* Dkt. 46 at 1 (quoting large portions of the Supreme Court's opinion in *NY State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1 (2022), without explaining how the R&R misapplies that precedent), and the portions of Mr. Knight's objections that are comprehensible and related to the R&R are both conclusory and duplicative of past arguments, *see id.* at 19 ("This R&R reinforces decades of systemic violations of the 2nd Amendment right to publicly carry handguns for self-defense by the NYPD.");

WHEREAS because Mr. Knight's objections are perfunctory and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R at docket entry 40 is adopted in full, Defendants' motion to dismiss is GRANTED, and Mr. Knight's claims under the Fifth and

Fourteenth Amendments are DISMISSED and his claims under the Second Amendment, under Section 4, and regarding pre-emption are DISMISSED with prejudice.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 22 and to close the case.

**SO ORDERED.**

Date:  March 12, 2024
   New York, NY

                    **VALERIE CAPRONI**
                    **United States District Judge**